EULIS SWAFFORD V. THE STATE.

No. 3340.    Decided November 25, 1914.

**1.—Theft of Cattle—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence was sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

**2.—Same—Evidence—Fabrication.**

Where, upon trial of theft of cattle, it was disclosed upon the trial that defendant was seeking to manufacture testimony for himself, there was no error in permitting the State to show this fact.

**3.—Same—Evidence—Defendant's Knowledge—Reputation — Cross-Examination.**

Where, upon trial of theft of cattle, the defendant proved by many witnesses that his co-defendant who had turned State's evidence had a bad reputation, there was no error to permit the State on cross-examination of defendant to show that defendant knew of the bad reputation of the State's witness at the time he had the transaction with him.

**4.—Same—Argument of Counsel—Charge of Court.**

Where the record did not show that the requested charge was asked at such a time as to authorize this court to review it, and, besides, there was no error in refusing same, there was no reversible error.

**5.—Same—Motion for New Trial—Irrelevant Matter.**

Where defendant's ground for a new trial in his motion for a new trial was upon an immaterial and irrelevant matter, and, besides, the same was untrue, there was no error in overruling the motion on that ground.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of cattle theft, and the lowest punishment assessed.

There is much conflict in the testimony. That of the State and the State's theory of the case is amply sufficient to show that appellant and one Luther Simpson stole a steer at night, drove it several miles from the pasture out of which they took it, and killed and slaughtered it in an out of the way place.

Appellant's defense was that he bought the steer from the young 17-year-old son,—Roy Naney,—of J. M. Naney, the owner. This was the main issue. Appellant introduced sufficient evidence, if believed, to have established his defense. On the contrary, the State introduced ample evidence to the reverse effect.

The court's charge, in addition to requiring the jury to believe beyond a reasonable doubt all the requisites that the appellant stole the steer, as alleged, before they could convict him, in a separate paragraph told the jury: "If you believe that defendant bought the animal in question from Roy Naney, or if you have a reasonable doubt thereof, you will acquit the defendant." In addition to this he charged that the burden of proof was on the State; that defendant was presumed to be innocent until his guilt was established beyond a reasonable doubt, and in case they had a reasonable doubt as to his guilt to acquit him. And also told them that they were the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to the testimony.

The State, over appellant's objection, was permitted to have Curtis Gorman, one of its witnesses, to testify, in substance, that at appellant's instance and solicitation he went to the home of Mat Manuel with Bill Swafford, appellant's brother, and represented that he, Gorman, was Roy Naney, and offered Manuel $50 to swear that appellant had told him that he, appellant, stole the alleged stolen animal; that he did do this as requested by appellant and reported to appellant that Manuel refused to so swear; that appellant was to pay him, Gorman, whatever it was worth for doing what he did. Over his objections, the State was also permitted to prove by Roy Naney that he did not go to said Manuel's home with Curtis Gorman and offer Manuel $50 to so testify. The court, in approving one of the bills, explained the matter thus:

"In order that the court may understand the connection and the matter to which this bill refers, it is explained that at a trial of this case at a former term, the witness Curtis Gorman was placed upon the witness stand by the defendant, and at that time testified that he went to Mat Manuel's house with Roy Naney and heard Roy Naney tell Mat Manuel that he was Roy Naney and would give him (Manuel) fifty dollars to testify that Swafford had admitted to him (Manuel) that he (Swafford) had stolen the steer. Upon the trial of the case at this time Gorman was placed upon the stand by the State and he testified that he did not go to Mat Manuel's house with Roy Naney, but in truth and in fact, went with a brother of the defendant there at the defendant's request and represented himself to be Roy Naney. Under this state of the record the court believed it permissible for the State to put Roy Naney upon the stand to show that he in fact had never gone to Mat Manuel's home and made any such proposition; the court believed that this was true, although upon the trial of the case at this time the defendant had offered no testimony that Roy Naney had gone to the home of Mat Manuel."

We take it from these bills that the State sought by this evidence to show that Roy Naney, one of the State's material witnesses, had tried to manufacture testimony against appellant and that by showing this he would destroy the effect of Roy Naney's testimony before the jury and thereby lead them to believe that Roy Naney had really sold him the animal or stolen it and thereby secured his acquittal. It turned out that instead of showing that Roy Naney was seeking to manufacture testimony against appellant, that appellant was seeking to manufacture testimony for himself and against Roy Naney. Under the circumstances we think the court committed no error in admitting the testimony objected to.

At the same time appellant was indicted for this theft the grand jury also indicted Luther Simpson for the theft. Simpson turned State's evidence with the State's consent and the case was to be dismissed as to him, he testifying against appellant. Appellant proved by many witnesses that Simpson's reputation was very bad, but also showed that he had known him for several years. The appellant himself testified

fully. On cross-examination the State asked him if he didn't know of the bad reputation of Simpson. He answered that he had heard it was bad but did not know. The State then asked him this question: "Didn't you know it was? Heard people talking it—heard he was unworthy of belief, and so on? What did you want to get tangled up with him for if he was that kind of a fellow?" To this latter question the appellant objected on the sole ground that it was argumentative. He answered the question that "Simpson wanted to buy a beef, and I had one to sell and would as soon sell to him as to anyone." This shows no reversible error.

Appellant made no objection to the court's charge as this record shows. He asked this special charge: "You are further charged that you must not consider as any evidence of guilt of defendant the insulting questions of the county attorney, such as don't you know it is a lie? Why don't you tell the truth? etc." Nothing in the record indicates when this charge was asked. No objection was made to such questions, if they were asked, during the trial. The fact that he asked a charge on the subject, even if he had asked it in the time and manner required by law, would be no evidence that any such questions were asked. The record does not show that the charge was asked at such a time as to authorize this court to review it, but if it did, the court's refusal to give the charge shows no error.

In one ground of appellant's motion for new trial it is set up that he had been indicted for the offense of subornation of perjury in connection with said Curtis Gorman; that Gorman and other witnesses had gone before the grand jury long prior to that indictment and it was not returned until June 26, 1914; that at the time he was out on bond in this case; that he was arrested on the subornation of perjury indictment on June 30th and placed in jail, a short time before his trial in this case, and not brought into court or allowed to see his attorney until this case was called; that the State announced ready in this case and he also; that he was not served with the indictment for subornation of perjury until convicted in this case; that he was not guilty of subornation of perjury and with proper opportunity could have so proven; that after his conviction in this case he demanded trial on the other, had his witnesses present and ready to prove that he was not guilty when the county attorney, with the consent of the court, dismissed that case against him. To this ground of his motion he attached what purports to be a copy of the State's motion to dismiss the subornation of perjury case against him. The ground of the motion to dismiss that case is, in substance, that the State would have to depend upon the testimony of Curtis Gorman, who, in effect, had sworn both ways on the question and the State was unable to corroborate Curtis Gorman; that the appellant had had him go to Mat Manuel's house and attempt to bribe him to testify as shown above.

The State made a motion to strike out that paragraph of appellant's amended motion for new trial on the ground that it was immaterial, irrelevant and incompetent, threw no light on this case or any feature

of it and only encumbered the record. He also alleged that the matters set out in that ground of the motion was untrue and did not set out the facts therein referred to.

We can not tell, and the record does not disclose, whether the court heard evidence on this matter. At any rate, the court struck out that ground of the motion for new trial. As the matter is presented, we think it was insufficient to require the court below to grant him a new trial, and that, therefore, the court did not·err in striking out that ground of his motion; at least, that it does not present reversible error.

The judgment is affirmed.

*Affirmed.*